```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DESIGNED FOR AMERICA, LLC, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | CIVIL NO. 05-05822 (JBS) |
| v. | |
| POINT & LINE U.S.A., INC., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Norman Elliot Lehrer, Esq.
1250 North Kings Highway
Cherry Hill, NJ 08034
    Attorney for Plaintiffs

Edward M. Weisz, Esq.
COHEN, PONTANI, LIEBERMAN & PAVANE
551 Fifth Avenue
Suite 1210
New York, NY 10176-0070

    and

Thomas G. Roth, Esq.
395 Pleasant Valley Way
Suite 201
West Orange, NJ 07052
    Attorneys for Defendant Point & Line U.S.A., Inc.

**Simandle, District Judge:**

    This matter is before the Court in a strange posture. Plaintiffs, Designed for America, LLC and Early Childhood Resources, LLC, filed this patent action against Defendant Point & Line U.S.A., Inc. ("Point & Line USA"). Allegedly, Point &

Line USA wrongfully sent Plaintiffs and their customers cease and desist letters related to Plaintiffs' manufacture and sale of retractable gel pens. (Compl. ¶¶ 6-10.) Point & Line USA filed a motion to dismiss for lack of personal jurisdiction [Docket Item 5], arguing that it did not have the minimum contacts with New Jersey necessary to permit this Court constitutionally to hear this matter.

While that motion was pending, pursuant to an Order entered by Magistrate Judge Donio [Docket Item 7], Plaintiffs conducted limited discovery. As a result of that discovery, Plaintiffs amended the Complaint as of right [Docket Item 10] and substituted Point & Line Co., Ltd., a South Korean limited liability company with its principal place of business in South Korea ("Point & Line South Korea"), for Point & Line USA. (Am. Compl. ¶ 3.) Thus, under the Amended Complaint, Plaintiffs are not proceeding against Point & Line USA and apparently Defendant's motion to dismiss is moot.

Point & Line USA argues, however, that the Court should decide its motion to dismiss, as the issues and arguments presented in its motion are likely to recur. In other words, Point & Line USA seems to argue, the facts relevant to personal jurisdiction in New Jersey are identical Point & Line South Korea's and Point & Line USA. The Court cannot accept Point & Line USA's invitation. First, the Court cannot make the

assumption that the interests of an absent party are identical to those of a dismissed party.[1] Notably, Point & Line USA, arguing that Point & Line South Korea was not properly served, notes that its attorneys are not the attorneys of record for Point & Line South Korea. (Def. Reply Br. at 2-3.) But more importantly, by amending the complaint, Plaintiffs voluntarily granted the relief Point & Line USA was seeking. By virtue of that amendment, Point & Line USA is no longer a defendant in this action. Unless and until Point & Line South Korea appears in this action and attempts to dismiss the claims Plaintiff now lodges against it, the Court will not attempt to determine the viability of those claims.

Thus, the Clerk shall cause Point & Line USA to be terminated as a party and its motion to dismiss [Docket Item 5] shall be denied as moot. The accompanying Order shall be entered.

Dec 5, 2006
Date

Jerome B. Simandle
U.S. District Court

---

[1] For instance, objection to personal jurisdiction is waivable, Fed. R. Civ. P. 12(h). Thus, it is conceivable that the South Korean company would prefer the Court to decide whether Plaintiffs are infringing its patent on the merits, rather than ruling on a motion to dismiss; after all, Point & Line South Korea allegedly sent Plaintiffs a cease and desist letter, including a threat to litigate, while Point & Line U.S.A. did not.